UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATALIE R. FOERSCH,
                        Plaintiff,

                        **Report and Recommendation**

       -against-

                        CV 06-1044 (DRH)

CHRISTOPHER NORRIS AND
HYACINTH TOBIAS,
                        Defendants.
------------------------------------------------------------X

**ORENSTEIN, Magistrate Judge:**

        Plaintiff moves for an order granting an extension of time to serve the summons and complaint upon the defendants. Fed. R. Civ. P. 4(m) and 6(b). The defendants have not opposed the motion, although served.

        For the reasons set forth below, the Court reports and recommends the motion be granted.

        Plaintiff commenced the within action on March 8, 2006 by filing the summons and complaint. On or about April 26, 2006, plaintiff served defendants with a request to waive formal service of process. *See Plaintiff Ex 2 To Motion*. Defendants did not respond, thus rejecting the waiver of formal service procedure pursuant to Rule 4(d)2.

        Thereafter, plaintiff became aware that the summons and complaint had not been served. On or about November 27, 2006 plaintiff filed a letter requesting an extension of time to serve the summons and complaint. Unfortunately, due to a court clerical error the letter motion was terminated without notice to the plaintiff. *See Docket Entry*, dated November 28, 2006.

        Plaintiff learned of the clerical error, and again filed a letter motion for an extension of time to serve the summons and complaint. The court denied the application without prejudice. *See Docket Entries numbered 3 and 4*.

        Accordingly plaintiff filed the present motion.

        Rule 4(m) permits a district court to enlarge the time for service "even when there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996). In such cases whether an enlargement should be allowed is a matter entrusted to the district court's discretion. *Meyers v. Secretary of the Dep't of the Treasury*, 173 F.R.D. 44, 47, (E.D.N.Y. 1997); *Gowan v. Teamsters Union (237)*, 170 F.R.D. 356, 360-61 (S.D.N.Y. 1997).

        Factors which bear upon the Courts exercise of discretion are set forth in *Blue v. Cablevision*, CV 00-3868 (DRH), July 9, 2001 (Hurley, D.J.) (citations omitted).

In the present action the statute of limitations does not expire until December 2008. The defendants have had actual notice of the negligence claim asserted in the complaint by virtue of the attempted service pursuant to Federal Rule of Civil Procedure 4(d)(2) and by the fact the defendant, Christopher Morris was the driver of the automobile and the defendant Hyacinth Tobias was the owner thereof. In addition, defendants had an opportunity to accept service of process but, for unknown reasons, failed to take cognizance of the provisions for waiver of formal service of process. Defendants by their failure to offer any submission do not claim prejudice.

Other factors which this Court considers involve the element of temporal delay. Here only four and one-half months are attributable to the plaintiff in making the within application. A clerical error on the part of the Court should not be attributed to plaintiff. Finally, plaintiff has now made three applications for relief. The procedural history herein reflects that the need to file three requests acts as a sanction short of dismissal and does not render the provisions of Rule 4(m) a "toothless tiger." *Mused v. United States Dep. of Agric. Food & Nutrition Service*, 169 F.R.D. 28, 33-35 (W.D.N.Y. 1996).

It also appears that the plaintiff effected service of the summons and complaint upon the defendant Christopher Morris on April 9, 2007 and effected personal service upon the defendant Hyacinth Tobias by the service upon a suitable age and discretion person on April 9, 2007 and by mailing on April 13, 2007. *See* C.P.L.R. 308(2).

This court therefore reports and recommends that the summons and complaint served on the defendants in accordance with the attached affidavits of service to the motion be deemed completed, but that the defendants time to answer commence upon confirmation of this report and recommendation, if appropriate.

Plaintiff is directed to serve a copy of this order on the defendants by regular first class mail.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within fifteen (15) days of the date of service of this Report. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992).

**SO ORDERED.**

Dated: Central Islip, New York
May 9, 2007

MICHAEL L. ORENSTEIN
United States Magistrate Judge